James P. Krauzlis
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FEDERAL INSURANCE COMPANY a/s/o Saxco
International LLC,

      Plaintiff,

- against -

ORIENTAL EXPRESS CONTAINER CO., LTD.
and MSC MEDITERRANEAN SHIPPING
COMPANY, S.A.,

      Defendants.
------------------------------------------------------------X

ECF FILE

18 Civ.

**COMPLAINT**

      Plaintiff, FEDERAL INSURANCE COMPANY a/s/o Saxco International LLC, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint against the Defendants, alleges upon information and belief as follows:

## JURISDICTION

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the OOCL bill of lading, which mandates that jurisdiction for all claims arising under its bill of lading shall be in this district.

## PARTIES

      2.     At all material times, Federal Insurance Company (hereinafter "FIC" or "Plaintiff") was and is a corporation with an office and place of business located at 15

Mountainview Road, Warren, New Jersey 07059, and is the subrogated underwriter of the consignment of 336 pallets of 24 Oz. Wide-mouth Pasta Sauce Jars in bulk, as more specifically described below.

3. At all material times, defendant, ORIENTAL EXPRESS CONTAINER CO., LTD. (hereinafter "Defendant" or "OEC") was and is a corporation with an office and place of business located c/o OEC Group (New York), One Cross Island Plaza, Suite 306 133-33 Brookville Boulevard, Rosedale, NY 11422 and, at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non-vessel owning common carrier of goods for hire.

4. At all material times, defendant, MSC MEDITERRANEAN SHIPPING COMPANY, S.A. (hereinafter "Defendant" or "MSC") was and is a corporation with an office and place of business located c/o Mediterranean Shipping Company (USA) Inc. 420, 5th Avenue (at 37th Street) 8th Floor, New York, NY 10018-2702 and at all relevant times was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6. On or about October 17, 2017, the cargo shipper, Zhejiang Caifu Glass Corp., and/or its agents, contracted with OEC to transport a consignment of 336 pallets of 24 Oz. Wide-mouth Pasta Sauce Jars in bulk from Shanghai, China, to Oakland, CA. OEC, in turn, contracted

2

with MSC to perform the actual ocean transit of the consignment of 336 pallets of 24 Oz. Wide-mouth Pasta Sauce Jars in bulk from Shanghai, China, to Oakland, CA.

7. On or before October 17, 2017, a consignment consisting of 336 pallets of 24 Oz. Wide-mouth Pasta Sauce Jars in bulk, then being in good order and condition, were loaded into eight (8) ocean shipping containers that had been provided by OEC and MSC, namely GESU6143934, TGHU6051445, MEDU8761441, MEDU4581082, MSCU8568020, MEDU8144429, CAXU9051738 and CAXU9930193. On or about October 17, 2017, the eight container-loads of glass jars in bulk were delivered into the custody and control of OEC and MSC, and/or their respective agents, in Shanghai, China, for transportation to Oakland, CA.

8. The transportation of the aforementioned consignment was all arranged in consideration of an agreed upon freight, and pursuant to OEC bill of lading number OERT201725G00349, dated October 17, 2017 and pursuant to MSC bill of lading numbered MEDUSH223795, dated October 18, 2017, all of which relate to the 336 pallets of 24 Oz. Wide-mouth Pasta Sauce Jars in bulk loaded into the aforementioned eight (8) ocean shipping containers.

9. Thereafter, on or about October 18, 2017, the aforementioned eight (8) ocean shipping containers were loaded aboard the M/V GUTHORM MAERSK and thereafter the aforementioned vessel departed Shanghai, China, for her intended destination.

10. On or about November 7, 2017, the aforementioned eight (8) ocean shipping containers aboard the M/V GUTHORM MAERSK arrived in Oakland, CA, and were discharged and delivered to the consignee, Saxco International LLC.

11. When the aforementioned containers were delivered the cargo in six of the eight containers was found wet, with minor insect infestation and moldy pallets, the said damaged

cargo being delivered in ocean shipping containers CAXU9930193, MEDU8761441, TGHU6051445, GESU6143934, CAXU9051738, and MCSU8568020. A total of 252 pallets of the subject cargo were subsequently determined to be unmarketable and not salvageable and were thereafter destroyed. The cargo in the other two (2) containers was found to be sound.

12. The damage to the cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of the Defendants and/or their respective agents.

13. As a result of the foregoing, Saxco International LLC suffered a loss in the amount of $115,072.66, no part of which has been paid, despite due demand.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Saxco International LLC and FIC, which provided coverage for, among other things, loss or damage to the consignment.

15. Pursuant to the aforementioned contract of insurance between Saxco International LLC and FIC, monies have been expended on behalf of Saxco International LLC to the detriment of FIC due to the damages sustained during transit.

16. As FIC has sustained damages as the result of said expenditures, expenditures rightly the responsibility of defendant, FIC has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendant.

17. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $115,072.66.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

18. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

19. Pursuant to the contract entered into between the parties, the Defendants owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

20. The Defendants breached their contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

21. As a direct and proximate result of said breach of contract by Defendants, the Plaintiff has suffered damages in the amount presently estimated to be no less than $115,072.66.

22. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $115,072.66.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

23. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

24. Pursuant to their obligations as bailees for hire of the Plaintiff's cargo, the defendants owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

25. The defendants breached their duties as bailees for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

26. As a direct and proximate result of the breach of bailment by the Defendants, the Plaintiff has suffered damages in the approximate amount of $115,072.66.

27. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $115,072.66.

### AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

28. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, as if herein set forth at length.

29. The Defendants owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

30. The Defendants breached and were negligent in exercising their duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

31. As a direct and proximate result of the negligence by the Defendants, the Plaintiff has suffered damages in the approximate amount of $115,072.66.

32. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $115,072.66.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages in the amount of at least $115,072.66, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      November 5, 2017
      115-1523

                                  CASEY & BARNETT, LLC
                                  Attorneys for Plaintiff

By: _____
      James P. Krauzlis
      305 Broadway, Ste 1202
      New York, New York 10010
      (212) 286-0225